Patricia A. Shiu, State Bar No. 104894
Elizabeth Kristen, State Bar No. 218227
Sharon Terman, State Bar No. 237236
THE LEGAL AID SOCIETY
EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

Attorneys for Plaintiff
Cesar Calderón

## THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CALDERÓN, | No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, THE CALIFORNIA FAMILY RIGHTS ACT, THE AMERICANS WITH DISABILITIES ACT, THE FAIR EMPLOYMENT AND HOUSING ACT, TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE CALIFORNIA LABOR CODE, AND FOR PROMISSORY ESTOPPEL, WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| v. | |
| BAYSIDE INTERIORS, INC., | |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

Plaintiff CESAR CALDERÓN complains of defendant and demands a trial by jury of all

issues, and for all causes of action alleges:

### NATURE OF THIS ACTION

1.      This is an action for relief from defendant's violation of plaintiff's civil rights.

These violations include a claim for denial of rights under the Family and Medical Leave Act

("FMLA"), the California Family Rights Act ("CFRA"), the Americans with Disabilities Act of

1    1990 ("ADA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the

2    California Fair Employment and Housing Act ("FEHA"), the California Labor Code, promissory

3    estoppel, wrongful termination in violation of public policy, and Intentional Infliction of

4    Emotional Distress.

5        2.    Plaintiff seeks back pay; front pay; compensatory, punitive, and liquidated

6    damages; reinstatement; declaratory and injunctive relief; and reasonable attorneys' fees and

7    costs.

8                              **JURISDICTION AND VENUE**

9        3.    This Court has jurisdiction over the subject matter and the parties pursuant to 28

10   U.S.C. § 1331.  This action arises under federal law: the Family and Medical Leave Act of 1993,

11   29 U.S.C. § 2601 *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et*

12   *seq.*; and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

13       4.    This Court has supplemental jurisdiction over the related state law claims

14   pursuant to 28 U.S.C. § 1367(a).  Plaintiff's claims pursuant to the California Family Rights Act,

15   Cal. Gov't Code § 12945.2 *et seq.*, the Fair Employment and Housing Act, Cal. Gov't Code §

16   12900 *et seq.*, and the California Labor Code, Cal. Labor Code §§ 201, 203, 510, 1194 and his

17   claims for promissory estoppel, wrongful termination in violation of public policy, and

18   intentional infliction of emotional distress are related, as all of plaintiff's claims share common

19   operative facts.  Resolving all state and federal claims in a single action serves the interests of

20   judicial economy, convenience, and fairness to the parties.

21       5.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. §

22   1391(b), because the events giving rise to plaintiff's claims occurred in this District.

23                                       **PARTIES**

24       6.    Plaintiff is informed and believes and based thereon alleges that defendant

25   BAYSIDE INTERIORS, INC. ("BAYSIDE INTERIORS") at all times relevant herein was a

26   corporation organized and existing under the laws of the State of California.

27

28

7.    Plaintiff is informed and believes that defendant BAYSIDE INTERIORS is an employer doing business in the City of Fremont, County of Alameda, State of California. Defendant is a covered employer under FMLA and CFRA because it employs 50 or more employees in a 75-mile radius.  Also, defendant BAYSIDE INTERIORS is a covered employer under the ADA and Title VII because it employs 15 or more employees.  Finally, defendant is a covered employer under FEHA because it employs 5 or more employees.

8.    Ben Elkins at all times herein relevant was one of CESAR CALDERÓN'S supervisors.  Ben Elkins is a Caucasian man.  Ben Elkins is an agent and supervisory employee of defendant and in doing the things hereinafter alleged was acting within the course and scope of the agency and with the permission and consent of defendant.

9.    At all relevant times herein, plaintiff CESAR CALDERÓN is and was a resident of Alameda County, State of California.

10.    Plaintiff CESAR CALDERÓN is Hispanic/Latino and has limited proficiency with English.

11.    Mr. CALDERÓN is a person with a disability within the meaning of the ADA and the FEHA.  Mr. CALDERÓN also has a record of disability within the meaning of state and federal disability discrimination laws and is informed and believes, and based thereon alleges, that defendant regarded and/or treated him as disabled within the meaning of state and federal disability nondiscrimination laws.

12.    Mr. CALDERÓN was and is qualified to safely perform all of the essential functions of his job as a driver/stocker/scrapper for BAYSIDE INTERIORS.  He is an otherwise qualified person with a disability within the meaning of state and federal disability nondiscrimination laws, including the ADA and FEHA.

13.    Plaintiff is an eligible employee within the meaning of the FMLA and CFRA in that defendant BAYSIDE INTERIORS had employed plaintiff for at least 12 months by the time his need for medical leave occurred and plaintiff had worked more than 1,250 hours during the 12 month period prior to his request for medical leave.

14.     The unlawful employment practices complained of herein occurred in Alameda County, State of California.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

15.     Plaintiff has exhausted all required administrative remedies.

### FACTS COMMON TO ALL CAUSES OF ACTION

16.     CESAR CALDERÓN was hired by defendant BAYSIDE INTERIORS for the position of driver/stocker/scrapper in or about May 2004.  He held this position until on or about October 13, 2006, when defendant BAYSIDE INTERIORS effectively terminated his employment.

17.     At all times relevant herein, Mr. CALDERÓN was qualified for the position of driver/stocker/scrapper with defendant BAYSIDE INTERIORS and he excelled at his job.

18.     During all relevant times herein, defendant suffered or permitted Mr. CALDERÓN to work shifts in excess of eight (8) hours per day, and to work in excess of forty (40) hours per week, without paying overtime, including a number of hours entirely without pay.

19.     Approximately seven or eight times during Mr. CALDERÓN's employment, he reported to work and subsequently, defendant sent Mr. CALDERÓN home for lack of work.  Mr. CALDERÓN did not receive reporting time pay on these occasions.

20.     Ben Elkins subjected Mr. CALDERÓN to derogatory and discriminatory comments based on Mr. CALDERÓN's national origin such as, "Why don't you speak English?"  Elkins also addressed Mr. CALDERÓN in a demeaning manner, stating that plaintiff should go to school to learn English.  He condemned Mr. CALDERÓN, yelling:  "This is the United States, not Mexico!"  Elkins subjected Mr. CALDERÓN to similar comments on a weekly basis from approximately May 2004 until plaintiff suffered his heart attack on July 13, 2006.

21.     On or about July 13, 2006, Mr. CALDERÓN suffered a heart attack while at home and was hospitalized for two nights.

22.    On or about July 13, 2006, Mr. CALDERÓN's son notified Elkins of plaintiff's heart attack.  Elkins told Mr. CALDERÓN's son that Mr. CALDERÓN was a good worker and reassured him that his job was secure.  Neither Elkins nor anyone else at BAYSIDE INTERIORS informed plaintiff of his rights under the FMLA and/or CFRA.

23.    On or about July 20, 2006, Mr. CALDERÓN's doctor informed him that he should remain on medical leave until September 13, 2006, and provided a medical note detailing plaintiff's need for leave.  The note expressly stated that Mr. CALDERÓN could return to work without restrictions at the end of his medical leave.

24.    On or about July 20, 2006, Mr. CALDERÓN informed Elkins of his need for leave, and Elkins reassured Mr. CALDERÓN that he could return to his job.  On or about July 24, 2006, plaintiff faxed a copy of the doctor's note to Elkins.

25.    Neither Elkins nor anyone at defendant BAYSIDE INTERIORS ever informed Mr. CALDERÓN of his rights under the FMLA and/or the CFRA.

26.    On or about September 13, 2006, Mr. CALDERÓN sought reinstatement, but Elkins refused to reinstate him.

27.    On or about September 14, 2006, plaintiff's doctor extended plaintiff's medical leave until October 16, 2006.

28.    Plaintiff immediately faxed the new doctor's note to Elkins and followed up with a phone call.  Elkins told plaintiff to call two days before the end of his medical leave.

29.    Worried about his job, on or about September 16, 2006, plaintiff asked his niece, Raquel Guzman Orozco, who spoke English fluently, to contact Elkins to confirm that plaintiff would still have his job at the end of his medical leave.  Elkins advised Ms. Orozco to tell Mr. CALDERÓN that he should not worry about his job.

30.    Elkins instructed Mr. CALDERÓN to call two days before he intended to return to work.  On or about October 13, 2006, Mr. CALDERÓN went to defendant BAYSIDE INTERIORS and informed Elkins that he would be returning to work on October 16, 2006.

31.    In response to Mr. CALDERÓN's notification of his intention to return to work, Elkins stated that he did not have any work for plaintiff and terminated plaintiff.

32.    Despite Elkins' claim that defendant BAYSIDE INTERIORS had no work for Mr. CALDERÓN in October 2006, plaintiff is informed and believes and based thereon alleges that defendant BAYSIDE INTERIORS hired at least two other individuals in Mr. CALDERÓN's same position during plaintiff's medical leave.

33.    Elkins had previously expressed animus toward employees who suffered heart attacks. Elkins remarked to Mr. CALDERÓN that once a person has a heart attack, they are no good anymore, or words to that effect.

**FIRST CAUSE OF ACTION**
Interference
FMLA
29 U.S.C. § 2615(a)(1)

34.    Plaintiff incorporates by reference paragraphs 1 through 33, as though fully set forth herein.

35.    The FMLA provides that eligible employees are entitled to take up to twelve weeks of leave in any twelve-month period for their own serious health condition. 29 U.S.C. § 2612(a); 29 C.F.R. § 825.100(a). Upon return from the leave, the employer must restore the employee to the same position or equivalent position that the employee held when the leave commenced. 29 U.S.C. § 2614(a); 29 C.F.R. § 825.100(c). Employers must notify employees of their rights and obligations under the Act. 29 C.F.R. §§ 825.300, 825.301.

36.    The FMLA also provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this subchapter [of the FMLA]." 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.220.

37.    Plaintiff's heart attack, which required overnight hospitalization, constitutes a serious health condition under the FMLA. 29 U.S.C. § 2611(11); 29 C.F.R. § 824.114.

38.    Plaintiff provided reasonable notice to defendant of the need to take leave for his heart attack, but defendant violated the FMLA when it failed to provide plaintiff with the

1    required written notice of plaintiff's FMLA rights and obligations.  *See* 29 C.F.R. § 825.301; *see*
2    *also id.* at § 825.300.

3         39.    Plaintiff informed defendant of the expected duration of his leave for his heart
4    attack and provided medical documentation of his need for leave.

5         40.    When plaintiff sought reinstatement, defendant violated the FMLA by refusing to
6    reinstate plaintiff to the same or equivalent position following his FMLA-qualifying leave.

7         41.    Defendant willfully interfered with, restrained, and/or denied plaintiff's exercise
8    of his right to FMLA leave by: 1) failing to advise him of his rights and obligations under the
9    FMLA when he provided notice of his need for leave; 2) refusing to immediately reinstate
10   plaintiff to an equivalent or same position on two separate occasions; and 3) rejecting plaintiff's
11   medical certification for his heart condition.

12        42.    Defendant's unlawful actions were intentional, willful, malicious and/or done
13   with reckless disregard to plaintiff's rights.

14        43.    As a direct and proximate result of defendant's willful, intentional, malicious, and
15   unlawful termination of his employment, plaintiff lost his salary, employment benefits, and other
16   compensation, in an amount to be proven at trial.

17        44.    As a result of defendant's willful violations of the FMLA, which were not made
18   in good faith, plaintiff is entitled to liquidated damages under 29 U.S.C. §§ 2617(a)(1)(A)(iii), in
19   an amount to be proven at trial.

20                              **SECOND CAUSE OF ACTION**
                                       Discrimination
21                                         FMLA
                                   29 U.S.C. § 2615(a)(2)
22
23        45.    Plaintiff incorporates by reference paragraphs 1 through 44, as though fully set
     forth herein.
24
          46.    The FMLA provides that upon return from FMLA leave, the employee is entitled
25
     to be restored to the same or an equivalent position that the employee held when the leave
26
     commenced.  29 U.S.C. § 2614(a); 29 C.F.R. § 825.100(c).
27
28

47.    Defendant willfully failed to restore plaintiff to the same or an equivalent position when he attempted to exercise his right to return from FMLA leave.

48.    The FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter [of the FMLA]."  29 U.S.C. § 2615(a)(2).

49.    Defendant willfully discharged plaintiff when he attempted to exercise his right to return from FMLA leave.

50.    Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's rights.

51.    As a direct and proximate result of defendant's willful, intentional, malicious, and unlawful termination of his employment, plaintiff lost his salary, employment benefits, and other compensation, in an amount to be proven at trial.

52.    As a result of defendant's willful violations of the FMLA, which were not done in good faith, plaintiff is entitled to liquidated damages under 29 U.S.C. §§ 2617(a)(1)(A)(iii), in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
Failure to Provide Leave
CFRA
Cal. Gov't Code § 12945.2(a)

53.    Plaintiff incorporates by reference paragraphs 1 through 52, as though fully set forth herein.

54.    The CFRA provides that it is an "unlawful employment practice for any employer … to refuse to grant a request by any [eligible employee] to take up to a total of 12 workweeks in any 12-month period for family care and medical leave.  Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee, upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave."  Cal. Gov't Code § 12945.2(a).  Thus, CFRA requires an employer to grant an eligible employee's request for leave

and provides that the employer must restore the employee to the same or comparable position upon the employee's return from leave.  *See also* 2 Cal. Code Reg. § 7297.2.

55.    Employers also must notify employees of their rights and obligations under the Act.  2 Cal. Code Reg. § 7297.9.

56.    Plaintiff's heart attack, which required overnight hospitalization, constitutes a serious health condition under CFRA.  Cal. Gov't Code § 12945.2(b)(8); 2 Cal. Code Reg. § 7297.0(o).

57.    Plaintiff provided reasonable notice to defendant of the need to take leave for his heart attack.

58.    Plaintiff informed defendant of the expected duration of his leave for his heart attack.

59.    Plaintiff provided reasonable notice to defendant of the need to take leave for his heart attack.  Defendant violated the CFRA when it failed to provide the required written notice of plaintiff's CFRA rights and obligations.  *See* 2 Cal. Code Reg. §§ 7297.9, 7297.10.

60.    When plaintiff sought reinstatement on or about September 13, 2006, defendant violated the CFRA when it refused to reinstate plaintiff to the same or comparable position following his CFRA-qualifying leave.

61.    When plaintiff sought reinstatement on or about September 13, 2006, defendant violated the CFRA when it refused to accept plaintiff's medical certification that permitted him to return to work.  *See* 2 Cal. Code Reg. § 7297.4(b).

62.    When plaintiff again sought reinstatement on or about October 13, 2006, defendant violated the CFRA when it refused to reinstate plaintiff to the same or comparable position following his CFRA-qualifying leave.

63.    Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's rights.

64.    As a proximate result of defendant's unlawful actions, plaintiff suffered the loss of wages, salary, benefits, and additional damages in an amount to be proven at trial.

65.    As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
Discharge, Discrimination, and Retaliation
CFRA
Cal. Gov't Code § 12945.2(*l*); 2 Cal. Code Regs. § 7297.7

66.    Plaintiff incorporates by reference paragraphs 1 through 65, as though fully set forth herein.

67.    The CFRA provides that "[i]t shall be an unlawful employment practice for an employer . . . to discharge, . . . expel, or discriminate against, any individual because of . . . an individual's exercise of the right to family care and medical leave…."  Cal. Gov't Code § 12945.2(*l*)(1); *see also* 2 Cal. Code Reg. § 7297.7 (retaliation).

68.    Plaintiff exercised his right to medical leave for his heart attack, a serious health condition.

69.    On or about September 13, 2006, plaintiff met with Elkins to seek reinstatement, but Elkins refused to reinstate plaintiff.

70.    When plaintiff again sought reinstatement on or about October 13, 2006, defendant violated the CFRA when it refused to reinstate plaintiff to the same or comparable position following his CFRA-qualifying leave.

71.    Defendant's refusal to reinstate plaintiff constitutes an unlawful discharge, discrimination, and retaliation.  Defendant hired two individuals in plaintiff's same position while plaintiff was on CFRA leave.

72.    Defendant's actions against plaintiff constitute unlawful discrimination in employment on account of plaintiff's taking CFRA leave, in violation of Government Code section 12945.2(*l*)(1).

73.    Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's rights.

74. As a proximate result of defendant's discriminatory actions, plaintiff suffered the loss of wages, salary, benefits, and additional damages in an amount to be proven at trial.

75. As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
Discrimination
ADA
42 U.S.C. § 12112, *et seq.*

76. Plaintiff incorporates by reference the allegations in paragraphs 1 through 75, as though fully set forth herein.

77. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act (ADA). 42 U.S.C. § 12102.

78. The ADA makes it unlawful to "discriminate against a qualified individual with a disability because of the disability of such individual in … discharge of employees … and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

79. "Discrimination" includes failing to make "reasonable accommodations to the known physical … limitation of an otherwise qualified individual." *Id.* § 12112(b)(5)(B). Reasonable accommodations include an unpaid leave of absence for treatment. 29 C.F.R. 1630 App. § 1630.2(o) and *The EEOC Guidance on Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act* (*Reasonable Accommodation Guidance*). Terminating an employee who has taken medical leave as a reasonable accommodation for his disability also constitutes discrimination. *Id.*

80. In violation of plaintiff's right to be free from disability-based discrimination under Title I of the ADA, defendant terminated plaintiff's employment.

81. The regulations implementing the ADA require employers to engage in a timely, good faith interactive process with the disabled employee in order to determine effective reasonable accommodations. 29 C.F.R. § 1630.2(o)(3). Defendant failed to engage in good faith in the interactive process with respect to plaintiff's need for a reasonable accommodation.

82.    Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's right to be free from discrimination based on his disability.

83.    As a proximate result of defendant's discriminatory actions, plaintiff suffered the loss of wages, salary, benefits, and additional damages in an amount to be proven at trial.

84.    As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at trial.

**SIXTH CAUSE OF ACTION**
Interference
ADA
42 U.S.C. § 12203(b)

85.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 84, as though fully set forth herein.

86.     The ADA makes it unlawful "to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed . . . any right granted or protected by this chapter."  42 U.S.C. § 12203(b).

87.    In violation of plaintiff's right to be free from interference, defendant terminated plaintiff's employment because of his disability and/or need for accommodation.  Elkins also interfered with plaintiff's rights by making a derogatory remark about people who have experienced heart attacks.

88.    Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's right to be free from interference with his rights based on his disability.

89.    As a proximate result of defendant's discriminatory actions, plaintiff suffered the loss of wages, salary, benefits, and additional damages in an amount to be proven at trial.

90.    As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount to be proven at trial.

1

2

3

4

### SEVENTH CAUSE OF ACTION
Disability Discrimination
FEHA
Cal. Gov't Code §12940(a)

5
6

91.     Plaintiff incorporates by reference paragraphs 1 through 90, as though fully set forth herein.

7
8
9

92.     Under the FEHA, it is unlawful for an employer "because of . . . physical disability . . . to discriminate against the person in terms, conditions or privileges of employment."  Cal. Gov't Code § 12940(a).

10
11

93.     The FEHA also requires employers to reasonably accommodate employees with disabilities.  Cal. Gov't Code § 12940(a)(1), 12940(m).

12
13
14

94.     In violation of plaintiff's right to be free from disability-based discrimination under the FEHA, defendant terminated plaintiff's employment after he took a medical leave of absence as a reasonable accommodation for his disability.

15
16
17
18

95.     The FEHA also prohibits employers from discriminating against an employee who is regarded or treated as having a disability.  Cal. Gov't Code § 12940(a); 12926(k).  Elkins' comments about individuals who have heart attacks demonstrate that he regarded or treated plaintiff as having a disability and terminated his employment on that basis.

19
20

96.     Defendant's actions against plaintiff constitute unlawful disability discrimination in violation of California Government Code section 12940(a).

21
22

97.     Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's right to be free from discrimination based on his disability.

23
24

98.     As a proximate result of defendant's discriminatory actions, plaintiff suffered the loss of wages, salary, benefits, and additional damages in an amount to be proven at trial.

25
26
27

99.     As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at trial.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EIGHTH CAUSE OF ACTION**
FEHA
Cal. Gov't Code § 12940

100.    Plaintiff incorporates by reference paragraphs 1 through 99, as though fully set forth herein.

101.    Under the FEHA, it is unlawful for an employer "to fail to engage in a timely, good faith, interactive process with the employee … to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee … with a known physical or mental disability or known medical condition."  Cal. Gov't Code §§ 12940(a), 12940(n).

102.    Defendant failed to engage in the interactive process in good faith to determine effective reasonable accommodations for plaintiff.

103.    Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's rights.

104.    As a proximate result of defendant's discriminatory actions, plaintiff suffered the loss of wages, salary, benefits, and additional damages in an amount to be proven at trial.

105.    As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at trial.

**NINTH CAUSE OF ACTION**
National Origin Discrimination and Harassment
Title VII
42 U.S.C. § 2000e-2(a)

106.    Plaintiff incorporates by reference paragraphs 1 through 105, as though fully set forth herein.

107.    Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against and harassing an employee because of his national origin.  42 U.S.C. § 2000e-2(a).  Title

Complaint for Damages and Injunctive Relief                                                    Page 14

1   VII's prohibitions apply to factors inextricably linked with national origin, such as linguistic

2   characteristics.

3       108.    Elkins subjected plaintiff to national origin discrimination and harassment.

4   Defendant is vicariously liable for Elkins' conduct.  Defendant also knew or should have known

5   of the harassment.

6       109.    Defendant's unlawful actions were intentional, willful, malicious and/or done

7   with reckless disregard to plaintiff's right to be free from discrimination based on his national

8   origin.

9       110.    As a proximate result of defendant's discriminatory actions plaintiff suffered the

10   loss of wages, salary, benefits, and additional damages in an amount to be proven at trial.

11       111.    As a further proximate result of defendant's unlawful actions, plaintiff has

12   suffered humiliation, mental anguish, and emotional and physical distress in an amount to be

13   proven at trial.

**TENTH CAUSE OF ACTION**
National Origin and Ancestry Discrimination and Harassment
FEHA
Cal. Gov't Code § 12940(j)

16       112.    Plaintiff incorporates by reference paragraphs 1 through 111, as though fully set

17   forth herein.

18       113.    California Government Code section 12940(j)(1) prohibits defendants from

19   discriminating against and harassing an employee based on his national origin and/or ancestry.

20   *See also* 2 Cal. Code Reg. § 7287.6(b).

21       114.    Elkins subjected plaintiff to discrimination and harassment based on his national

22   origin and ancestry.  Defendant is vicariously liable for Elkins' conduct.  Defendant also knew or

23   should have known of the harassment.

24       115.    Defendant's unlawful actions were intentional, willful, malicious and/or done

25   with reckless disregard to plaintiff's right to be free from discrimination based on his national

26   origin.

27

28

116.    As a proximate result of defendant's discriminatory actions, plaintiff suffered the loss of wages, salary, benefits, and additional damages in an amount to be proven at trial.

117.    As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at trial.

### ELEVENTH CAUSE OF ACTION
Failure to Prevent Discrimination and Harassment
FEHA
Cal. Gov't Code § 12940(k)

118.    Plaintiff incorporates by reference paragraphs 1 through 117, as though fully set forth herein.

119.    California Government Code section 12940(k) requires defendants to take all reasonable steps to prevent discrimination and harassment from occurring.

120.    Defendant never informed plaintiff of a company policy prohibiting discrimination or harassment on the basis of disability, national origin, or ancestry, or the exercise of CFRA rights.  Nor did defendant inform plaintiff of a company policy regarding his rights and obligations under CFRA.  In addition, defendant did not have a complaint procedure for reporting discrimination or harassment on the basis of disability, national origin, or ancestry, or the exercise of CFRA rights.

121.    Defendant's actions against plaintiff constitute a failure to take all reasonable steps to prevent discrimination and harassment from occurring in violation of California Government Code section 12940(k).

122.    Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's rights.

123.    As a proximate result of defendant's actions plaintiff suffered the loss of wages, salary, benefits, and additional damages in an amount to be proven at trial.

124.    As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at trial.

**TWELFTH CAUSE OF ACTION**
Failure to Pay Wages
California Labor Code §§ 1194, 510

125.    Plaintiff incorporates by reference paragraphs 1 through 124, as though fully set forth herein.

126.    During all relevant periods, California Labor Codes §§ 1194, 510, California Code of Regulations Title 8, Section 11160 and Wage Order 16-2001 required that employees be paid minimum wage, be compensated for overtime, and be paid for reporting time.

127.    During all relevant periods, defendant suffered or permitted Mr. CALDERÓN to work shifts in excess of eight (8) hours per day, and to work in excess of forty (40) hours per week, without paying overtime, including a number of hours entirely without pay.

128.    Approximately seven or eight times during plaintiff's employment plaintiff reported to work and subsequently, defendant sent plaintiff home for lack of work.  Plaintiff did not receive reporting time pay on these occasions.

129.    Plaintiff's collective bargaining agreement recognizes plaintiff's right to reporting time pay and does not preclude plaintiff's right to reporting time pay.

130.    At the time of termination, plaintiff accrued seven or eight days of reporting pay.

131.    To date, defendant has failed and refused to pay to plaintiff the compensation he is owed.

132.    Plaintiff is entitled to the unpaid wages, interest on these wages, penalties, injunctive and declaratory relief, and attorneys' fees and costs in an amount to be proven at trial.

**THIRTEENTH CAUSE OF ACTION**
Failure to Promptly Pay Wages Owed at Termination
California Labor Code §§ 201, 203

133.    Plaintiff incorporates by reference paragraphs 1 through 132, as though fully set forth herein.

134.    During all relevant periods, Labor Code § 201 required that an employer pay to an employee that it has fired all earned wages immediately, or upon termination.  Further, Labor Code § 203 provides that if an employer fails to pay a fired worker immediately, it is liable to the

1    employee for a penalty.  This waiting time penalty is equivalent to the employee's daily wage for

2    every day that the earned wages are not paid, with a maximum penalty of 30 days' pay.  Where

3    an employee is paid less than the minimum wage or is not paid overtime, the employee's daily

4    wage is what he or she would have been paid had the employer followed all of the wage and

5    hour laws.

6         135.    Here, plaintiff was terminated on October 13, 2006, but he has yet to be paid all

7    of his earned wages.

8         136.    Plaintiff is entitled to the maximum waiting time penalties allowable for

9    defendant's willful failure to immediately pay to him all earned wages at the time of his

10   termination.  Plaintiff also is entitled to injunctive and declaratory relief, and attorneys' fees and

11   costs.

12   **FOURTEENTH CAUSE OF ACTION**
Promissory Estoppel

13        137.    Plaintiff incorporates by reference paragraphs 1 through 136, as though fully set

14   forth herein.

15        138.    Promissory estoppel is the existence of (1) a clear promise, (2) reliance, (3)

16   substantial detriment, and (4) damages measured by the extent of the obligation assumed and not

17   performed.  *See* 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 244–47, pp. 275–

18   79.

19        139.    From the time when plaintiff's son informed Elkins that Mr. CALDERÓN  had

20   suffered a heart attack through plaintiff's termination, Elkins made certain promises to plaintiff,

21   including, but not limited to:  Elkins told plaintiff's son that plaintiff did not have to worry about

22   his job and Elkins told Ms. Orozco to tell plaintiff that plaintiff should not worry about his job,

23   or words to that effect.

24        140.    At each instance described above, Elkins knew that Mr. CALDERÓN was

25   concerned about losing his job and that he would rely on Elkins' reassurances that plaintiff

26   would have a job at the end of his medical leave.  In making these clear promises to Mr.

27

28

CALDERÓN, Elkins knew or should have known that these promises would induce plaintiff to forego looking for new employment that would begin at the end of his medical leave.

141.    Mr. CALDERÓN reasonably relied on Elkins' clear promises and representations as set forth in this complaint and was induced by those promises and representations to forego looking for other employment that would begin at the end of his medical leave.

142.    Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's rights.

143.    As a proximate result of defendant's failure to perform according to the promises and representations that it made to Mr. CALDERÓN and his reliance on those promises to his substantial detriment, plaintiff has suffered substantial losses in compensation and future earning capacity.

144.    Plaintiff is entitled to all damages necessary to avoid injustice.

## FIFTEENTH CAUSE OF ACTION
Wrongful Termination in Violation of Fundamental Public Policy

145.    Plaintiff incorporates by reference paragraphs 1 through 144, as though fully set forth herein.

146.    It is the public policy of the State of California to prohibit employers from discriminating against their employees because they exercise their right to take FMLA/CFRA leave.

147.    Defendant terminated plaintiff because he exercised his right to FMLA/CFRA leave for his heart attack, and thus violated California's public policy.

148.    Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's rights.

149.    As a proximate result of defendant's discriminatory actions plaintiff has suffered the loss of wages, salary, benefits, and additional amounts of money, to be proven at trial.

150.    As a further proximate result of defendant's discriminatory actions plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at trial.

### SIXTEENTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress

151.    Plaintiff incorporates by reference paragraphs 1 through 150, as though fully set forth herein.

152.    Intentional infliction of emotional distress is extreme or outrageous conduct by defendants with the intention, or reckless disregard for the probability, of causing severe emotional distress.  Restatement 2d, Torts § 46(1).

153.    Throughout plaintiff's employment with defendant, Elkins subjected plaintiff to a weekly barrage of derogatory remarks about plaintiff's national origin and/or ancestry, including referring to his lack of English proficiency.  Elkins also refused to reinstate plaintiff at the end of his leave of absence in violation of the law.  Elkins' conduct was intentional and malicious and done for the purpose of causing plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.  Elkins knew, or should have known, he was causing plaintiff great emotional distress.

154.    Defendant BAYSIDE INTERIORS was well aware of Elkins' abusive conduct and failed to prevent it.

155.    Defendant's actions were done with malice, fraud, or oppression, and in reckless disregard of plaintiff's rights.

156.    As a proximate result of defendant's discriminatory actions plaintiff suffered the loss of wages, salary, benefits, and additional amounts of money.

157.    As a further proximate result of defendant's discriminatory actions plaintiff has suffered humiliation, mental anguish, and severe emotional distress in an amount to be proven at trial.

**DECLARATORY RELIEF ALLEGATIONS**

158.    Plaintiff incorporates by reference paragraphs 1 through 157, as though fully set forth herein.

159.    An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that plaintiff contends that defendants violated his FMLA/CFRA rights, subjected him to discrimination based on his disability, failed to engage in the interactive process, subjected him to discrimination and harassment on the basis of his national origin and/or ancestry, failed to prevent discrimination and harassment from occurring, failed to pay him all his wages due at termination, failed to perform on clear promises on which plaintiff justifiably relied to his detriment, terminated him in violation of public policy, and subjected him to intentional infliction of emotional distress.  Defendant contends that these allegations did not occur.  Plaintiff disputes defendant's contention and asserts that the reasons asserted by defendant do not affect the validity of plaintiff's claims.

**INJUNCTIVE RELIEF ALLEGATIONS**

160.    Plaintiff incorporates by reference paragraphs 1 through 159, as though fully set forth herein.

161.    No previous application for the injunctive relief sought herein has been made to this Court.

162.    If this Court does not grant the injunctive relief sought herein, plaintiff will be irreparably harmed.

163.    No plain, adequate, or complete remedy at law is available to plaintiff to redress the wrongs addressed herein.

**PRAYER**

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1.    For an order enjoining the defendant from engaging in the unlawful conduct complained of herein;

2.    For an order granting such other injunctive relief as may be appropriate;

1        3.     For declaratory relief;

2        4.     For lost wages, lost benefits, and all other compensation denied or lost to plaintiff

3   by reason of defendant's unlawful actions, in an amount to be proven at trial;

4        5.     For compensatory damages for plaintiff's emotional pain and suffering, in an

5   amount to be proven at trial;

6        6.     For punitive damages;

7        7.     For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 12205, 29

8   U.S.C § 2617(a)(3), 42 U.S.C. § 1988, Cal. Gov't Code § 12965(b), Cal. Code of Civ. Proc.

9   §1021.5, and other laws;

10        8.     For interest on damages, including pre- and post-judgment interest and an upward

11   adjustment for inflation; and

12        9.     For such other and further relief as the court deems just and proper.

13   **JURY DEMAND**

14        Plaintiff demands a trial by jury as to each claim herein.

15

16   Dated:  May 16, 2007          By:    /S/Sharon Terman_____

17                             Sharon Terman
                          Attorney for Plaintiff Cesar Calderón

18

19

20

21

22

23

24

25

26

27

28