RICHARD N. HILL, Bar No. 083629
MOLLY AGARWAL, Bar No. 247545
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
rhill@littler.com, magarwal@littler.com

Attorneys for Defendant
BAYSIDE INTERIORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CALDERON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BAYSIDE INTERIORS, INC.<br><br>　　　　　Defendant. | Case No. C 07 2585<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant BAYSIDE INTERIORS, INC. ("Bayside") hereby answers the Complaint filed by Cesar Calderon ("Plaintiff") as follows:

**NATURE OF THIS ACTION**

1.　Answering paragraph 1 of Plaintiff's Complaint, Defendant admits that the laws set forth therein form the bases of this action. Defendant denies that it engaged in any violation of any of those laws.

2.　Answering paragraph 2 of Plaintiff's Complaint, Defendant admits that Plaintiff seeks the remedies set forth therein.

## JURISDICTION AND VENUE, PARTIES, EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.  Defendant admits the statements contained in paragraphs 3, 4, 5, 6, 7, 9 and 13 of Plaintiff's Complaint.

4.  Answering paragraph 8 of Plaintiff's Complaint, Defendant admits that Ben Elkins is a Caucasian man, but Defendant denies the remaining allegations of Paragraph 8 of the Complaint.

5.  Answering paragraph 10 of Plaintiff's Complaint, Defendant admits that Plaintiff is Hispanic/Latino, but Defendant denies that Plaintiff has limited proficiency in English.

6.  Answering paragraph 11 of Plaintiff's Complaint, Defendant admits that Plaintiff reported that he had a disability within the meaning of the ADA and the FEHA. Defendant denies that Plaintiff has a record of disability. Defendant denies that it regarded and/or treated Plaintiff as disabled other than to grant his request(s) for a medical leave.

7.  Answering paragraph 12 of Plaintiff's Complaint, Defendant admits that Plaintiff was and is qualified to safely perform all of the essential functions of his job as a stocker/scrapper for Defendant, and that he is an otherwise qualified person with a disability. Defendant denies that Plaintiff's job title was "driver/stocker/scrapper," although he did sometimes perform driving duties.

8.  Answering paragraph 14 of Plaintiff's Complaint, Defendant denies that it engaged in any unlawful employment practices in Alameda County or anywhere else.

9.  Answering paragraph 15 of Plaintiff's Complaint, Defendant denies that Plaintiff exhausted all of his administrative remedies with regard to each and every cause of action.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Defendant admits the allegations contained in paragraphs 23, 24, 27, 28 and 30 of Plaintiff's Complaint.

11. Defendant denies the allegations contained in paragraphs 18, 19, 20, 26, 29 and 33 of Plaintiff's Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT    2.    Case No. C 07 2585

12. Answering paragraph 16 of the Complaint, Defendant admits that Plaintiff was hired in or about May 2004. Defendant denies that Plaintiff's position was called "driver/stocker/scrapper" and Defendant denies that Plaintiff was "effectively terminated" on or about October 13, 2006 or at any other time.

13. Answering paragraph 17 of the Complaint, Defendant admits that Plaintiff was qualified for his position at all times relevant herein. Defendant denies that Plaintiff "excelled" at his job. Defendant denies that Plaintiff's job title was "driver/stocker/scrapper," although he did perform some driving duties.

14. Answering paragraph 21 of the Complaint, Defendant admits that Plaintiff reported experiencing a heart attack on or about July 13, 2006 and reported being hospitalized. Defendant denies having knowledge as to the length of Plaintiff's hospitalization.

15. Answering paragraph 22 of the Complaint, Defendant admits that Plaintiff's son informed Mr. Elkin's of Plaintiff's heart attack, and that Mr. Elkins told Plaintiff's son not to worry. Defendant denies that Mr. Elkins made any representation to Plaintiff's son regarding Plaintiff's job security. Defendant admits that no formal discussion regarding the FMLA or CFRA took place, but Plaintiff nevertheless received the maximum leave of absence available to him under those laws.

16. Answering paragraph 25 of Plaintiff's Complaint, although Defendant did not provide Plaintiff with anything in writing, Defendant allowed Plaintiff to take a twelve-week medical leave of absence and kept his job open during that period of time.

17. Answering paragraph 31 of the Complaint, Defendant admits that when Plaintiff sought to return to work, Mr. Elkins explained to Plaintiff that no work was available at that time because of normal fluctuations in Defendant's business. Defendant denies that Mr. Elkins terminated Plaintiff.

18. Answering paragraph 32 of Plaintiff's Complaint, Defendant admits that it hired temporary workers to fill in for Plaintiff during his medical leave of absence.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT — 3. — Case No. C 07 2585

# FIRST CAUSE OF ACTION

### (Interference; FMLA)

19.   Defendant admits the allegations contained in paragraphs 35, 36, 37 and 39 of Plaintiff's Complaint.

20.   Defendant denies the allegations contained in paragraphs 40, 42, 43 and 44 of Plaintiff's Complaint.

21.   Answering paragraph 38 of the Complaint, Defendant admits that Plaintiff provided reasonable notice of his need to take leave. Defendant admits that it did not provide Plaintiff with written notice of his rights and obligations under the FMLA, but Defendant provided Plaintiff with the maximum job protected leave available under the FMLA.

22.   Answering paragraph 41 of the Complaint, Defendant admits that it did not formally advise Plaintiff in writing of his rights and obligations under the FMLA. Defendant denies that it interfered with, restrained, and/or denied Plaintiff's exercise of his right to FMLA leave by refusing to reinstate him immediately. Defendant denies that it ever rejected any medical certification provided by Plaintiff.

# SECOND CAUSE OF ACTION

### (Discrimination; FMLA)

23.   Defendant admits the allegations contained in paragraphs 46 and 48 of Plaintiff's Complaint.

24.   Defendant denies the allegations contained in paragraphs 47, 49, 50, 51 and 52 of Plaintiff's Complaint.

# THIRD CAUSE OF ACTION

### (Failure To Provide Leave; CFRA)

25.   Defendant admits the allegations contained in paragraphs 54, 55, 56, 57 and 58 of Plaintiff's Complaint.

26.   Defendant denies the allegations contained in paragraphs 60, 61, 62, 63, 64 and 65 of Plaintiff's Complaint.

LITTLER MENDELSON
A Professional Corporation
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT   4.   Case No. C 07 2585

27. Answering paragraph 59 of the Complaint, Defendant admits that Plaintiff provided reasonable notice of his need to take leave for his heart attack. Defendant denies that it violated the CFRA.

## FOURTH CAUSE OF ACTION

### (Discharge, Discrimination, and Retaliation; CFRA)

28. Defendant admits the allegations contained in paragraphs 67 and 68 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in paragraphs 70, 72, 73, 74 and 75 of Plaintiff's Complaint.

30. Answering paragraph 69 of the Complaint, Defendant admits that Plaintiff met with Mr. Elkins on or about September 13, 2006. Defendant denies that Mr. Elkins refused to reinstate Plaintiff.

31. Answering paragraph 71 of the Complaint, Defendant denies that it refused to reinstate Plaintiff. Defendant admits that it hired temporary workers to fill in for Plaintiff during his medical leave of absence.

## FIFTH CAUSE OF ACTION

### (Discrimination; ADA)

32. Defendant admits the allegations contained in paragraphs 77, 78, 79 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in paragraphs 80, 82, 83 and 84 of Plaintiff's Complaint.

34. Answering paragraph 81 of Plaintiff's Complaint, Defendant admits that the ADA Guidance encourages employers to engage in an interactive process. Defendant denies that it failed to engage in an interactive process with Plaintiff.

## SIXTH CAUSE OF ACTION

### (Interference; ADA)

35. Defendant admits the allegations contained in paragraphs 86 of Plaintiff's Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT    5.    Case No. C 07 2585

36.  Defendant denies the allegations contained in paragraphs 87, 88, 89 and 90 of Plaintiff's Complaint.

## SEVENTH CAUSE OF ACTION

### (Disability Discrimination; FEHA)

37.  Defendant admits the allegations contained in paragraphs 92 and 93 of Plaintiff's Complaint.

38.  Defendant denies the allegations contained in paragraphs 94, 96, 97, 98 and 99 of Plaintiff's Complaint.

39.  Answering paragraph 95 of the Complaint, Defendant admits that the FEHA contains the provision set forth therein. Defendant denies that Mr. Elkins made any negative comments about individuals who experience heart attacks. Defendant denies that Mr. Elkins regarded or treated Plaintiff as having a disability, other than to grant him a leave of absence. Defendant denies that Mr. Elkins terminated Plaintiff's employment.

## EIGHTH CAUSE OF ACTION

### (FEHA)

40.  Defendant admits the statement contained in paragraph 101 of Plaintiff's Complaint.

41.  Defendant denies the allegations contained in paragraphs 102, 103, 104 and 105 of Plaintiff's Complaint.

## NINTH CAUSE OF ACTION

### (National Origin Discrimination and Harassment; Title VII)

42.  Defendant admits the statement contained in paragraph 107 of Plaintiff's Complaint.

43.  Defendant denies the allegations contained in paragraphs 108, 109, 110 and 111 of Plaintiff's Complaint.

LITTLER MENDELSON
A Professional Corporation
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT        6.        Case No. C 07 2585

## TENTH CAUSE OF ACTION

### (National Origin and Ancestry Discrimination and Harassment; FEHA)

44. Defendant admits the statement contained in paragraph 113 of Plaintiff's Complaint.

45. Defendant denies the allegations contained in paragraphs 114, 115, 116 and 117 of Plaintiff's Complaint.

## ELEVENTH CAUSE OF ACTION

### (Failure to Prevent Discrimination and Harassment; FEHA)

46. Defendant admits the allegations contained in paragraph 119 of Plaintiff's Complaint.

47. Defendant denies the allegations contained in paragraphs 120, 121, 122, 123 and 124 of Plaintiff's Complaint.

## TWELFTH CAUSE OF ACTION

### (Failure to Pay Wages; California Labor Code §§ 1194, 510)

48. Defendant admits the allegations contained in paragraphs 126 and 129 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in paragraphs 127, 128, 130, 131 and 132 of Plaintiff's Complaint.

## THIRTEENTH CAUSE OF ACTION

### (Failure to Promptly Pay Wages Owed at Termination; California Labor Code §§ 201, 203)

50. Defendant admits the statements contained in paragraphs 134 of Plaintiff's Complaint.

51. Defendant denies the allegations contained in paragraphs 135 and 136 of Plaintiff's Complaint.

## FOURTEENTH CAUSE OF ACTION

### (Promissory Estoppel)

52. Defendant admits the statement contained in paragraph 138 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in paragraphs 139, 140, 141, 142, 143 and 144 of Plaintiff's Complaint.

### FIFTEENTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Fundamental Public Policy)

54. Defendant admits the statement contained in paragraph 146 of Plaintiff's Complaint.

55. Defendant denies the allegations contained in paragraphs 147, 148, 149 and 150 of Plaintiff's Complaint.

### SIXTEENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

56. Defendant admits the statement contained in paragraph 152 of Plaintiff's Complaint.

57. Defendant denies the allegations contained in paragraphs 153, 154, 155, 156 and 157 of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

FOR ITS FIRST SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that no work was available for Plaintiff to perform at the time he stated he was physically able to return to work. Mr. Elkins explained this lack of work to Plaintiff and also explained that Plaintiff could resume working as soon as projects became available.

FOR ITS SECOND SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that it effectively complied with the CFRA and the FMLA because Plaintiff was permitted to take the maximum amount of job protected leave available to him (twelve weeks) under these laws.

FOR ITS THIRD SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff comes before the court with unclean hands.

FOR ITS FOURTH SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to exhaust all of his available administrative remedies.

FOR ITS FIFTH SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT               8.                Case No. C 07 2585

FOR ITS SIXTH SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

FOR ITS SEVENTH SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges that because Plaintiff's Complaint is couched in conclusionary terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1. For Plaintiff to take nothing by this action;
2. For judgment to be entered in favor of Defendant and against Plaintiff on all causes of action;
3. For costs of suit herein;
4. For payment of its reasonable attorneys' fees in accordance with applicable law; and
5. For such other and further relief as the Court may deem just and proper.

Dated: July 21, 2007

Respectfully submitted,

*/s/ Richard N. Hill/*

RICHARD N. HILL
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
BAYSIDE INTERIORS, INC.

Firmwide:82620635.1 054978.1001

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT                9.                Case No. C 07 2585

**PROOF OF SERVICE BY MAIL**

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On June 21, 2007, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

in a sealed envelope, postage fully paid, addressed as follows:

Patricia A. Shiu
Elizabeth Kristen
Sharon Terman
Legal Aid Society Employment Law Center
600 Harrison Street, Suite 120
San Francisco, CA 94107

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 21, 2007, at San Francisco, California.

_____
Susan A. Becerra

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PROOF OF SERVICE