| | |
|---|---|
| Patricia A. Shiu, State Bar No. 104894 | Richard N. Hill, State Bar No. 083629 |
| Elizabeth Kristen, State Bar No. 218227 | Molly Agarwal, State Bar No. 247545 |
| Sharon Terman, State Bar No. 237236 | LITTLER MENDELSON |
| THE LEGAL AID SOCIETY | A Professional Corporation |
| EMPLOYMENT LAW CENTER | 650 California Street, 20th Floor |
| 600 Harrison Street, Suite 120 | San Francisco, CA 94108 |
| San Francisco, CA 94107 | Telephone: 415-433-1940 |
| Telephone: (415) 864-8848 | Facsimile: 415-399-8490 |
| Facsimile: (415) 864-8199 | |
| | Attorneys for Defendant |
| | Bayside Interiors, Inc. |
| Attorneys for Plaintiff | |
| Cesar Calderón | |

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CALDERÓN, | Case No. C 07 02585-CRB |
| Plaintiff, | |
| | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| v. | |
| | Date of CMC: September 21, 2007 |
| BAYSIDE INTERIORS, INC., | Time of CMC: 8:30 a.m. |
| Defendant. | |

Pursuant to Civil Local Rule 16-9 and this Court's Standing Order, the parties in the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1. **JURISDICTION AND SERVICE.** The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any

parties remain to be served, a proposed deadline for service. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a). No issues exist regarding personal jurisdiction or venue. All parties have been served.

1. **FACTS.** A brief chronology of the facts.

**Plaintiff's position:**

Cesar Calderon is a limited-English proficient Latino man who was fired after suffering a heart attack and taking a doctor-ordered medical leave. Plaintiff Calderon began working for defendant Bayside Interiors as a driver/stocker/scrapper in May 2004. Mr. Calderon was qualified for his position and excelled at his job. On July 13, 2006, Calderon suffered a heart attack and was hospitalized for two nights. Calderon's son immediately notified his supervisor, Ben Elkins, who told his son that Mr. Calderon was a good worker and his job was secure.

On July 20, 2006, Mr. Calderon's doctor informed him that he should remain on medical leave until September 13, 2006, and provided a note detailing plaintiff's need for leave. That same day, Calderon informed Elkins of his need for leave, and Elkins reassured him that he could return to his job. On July 24, 2006, plaintiff faxed a copy of the doctor's note to Elkins. At no time did Elkins nor anyone at defendant Bayside Interiors inform Mr. Calderon of his rights under the Family and Medical Leave Act (FMLA) or the California Family Rights Act (CFRA).

On September 13, 2006, Mr. Calderon sought reinstatement, but Elkins refused to reinstate him. On September 14, 2006, plaintiff's doctor extended plaintiff's medical leave until October 16, 2006. Plaintiff immediately faxed the new doctor's note to Elkins and followed up with a phone call. Elkins told plaintiff to call two days before the end of his medical leave. Worried about his job, on September 16, 2006, plaintiff asked his niece, Raquel Guzman Orozco, who spoke English fluently, to contact Elkins to confirm that plaintiff would still have his job at the end of his medical leave. Elkins advised Ms. Orozco to tell Mr. Calderon that he should not worry about his job. Elkins instructed Mr. Calderon to call two days before he intended to return to work.

On October 13, 2006, Mr. Calderon went to defendant Bayside Interiors and informed Elkins that he would be returning to work on October 16, 2006. In response, Elkins stated that he did not have any work for plaintiff and terminated plaintiff's employment. Despite Elkins' claim that defendant Bayside Interiors had no work for Mr. Calderon in October 2006, defendant Bayside Interiors hired at least two other individuals in Mr. Calderon's same position during plaintiff's medical leave.

After plaintiff's counsel wrote a letter to defendant complaining of a violation of Mr. Calderon's rights, defendant asked plaintiff to return to Bayside Interiors. However, Mr. Calderon declined the offer because the position was not comparable to the position he held prior to his medical leave. After plaintiff filed his complaint, defendant offered to reinstate plaintiff; however, Mr. Calderon declined the offer based on his doctor's advice that returning to work at Bayside Interiors would negatively affect his health.

Elkins had previously expressed animus toward employees who suffered heart attacks. Elkins remarked to Mr. Calderon that once a person has a heart attack, they are no good anymore, or words to that effect.

Supervisor Ben Elkins subjected Mr. Calderon to derogatory and discriminatory comments based on his national origin such as, "Why don't you speak English?" Elkins also addressed Mr. Calderon in a demeaning manner, stating that plaintiff should go to school to learn English. He condemned Mr. Calderon, yelling: "This is the United States, not Mexico!" Elkins subjected him to similar comments on a weekly basis from approximately May 2004 until plaintiff suffered his heart attack on July 13, 2006.

Defendant also suffered or permitted Mr. Calderon to work shifts in excess of eight (8) hours per day, and to work in excess of forty (40) hours per week, without paying overtime, including a number of hours entirely without pay.

**Defendant's position:**

Mr. Calderon was hired as a stocker/scrapper. He occasionally performed driving duties, but he did not hold a driver position. Mr. Calderon's English proficiency is high. When Mr.

Calderon informed Defendant of his heart attack, Defendant permitted him to take the maximum amount of leave available under the law – 12 work weeks. Mr. Calderon took this amount of leave. Defendant held Mr. Calderon's job for Mr. Calderon while he was on leave. Due to the nature of the construction industry, however, labor requirements fluctuate frequently. Thus, it can never be guaranteed that work will be available at any given time. While Mr. Calderon was on leave for twelve weeks, fluctuations in labor needs made it necessary for Defendant to hire temporary workers. This did not change the fact that Defendant continued to keep Mr. Calderon's job open for him during his leave. Defendant's hiring of temporary workers in no way replaced Mr. Calderon, nor did it constitute a guarantee that any particular level of work would exist at the time of Mr. Calderon's return from his leave.

Defendant, through Ben Elkins, spoke with Mr. Calderon's son, but Mr. Elkins said nothing to Mr. Calderon's son that could constitute a promise or other basis for reliance. Mr. Elkins does not recall speaking to Mr. Calderon's niece.

Mr. Calderon was never terminated by Bayside Interiors. When he was ready to return to work in October 2006, Mr. Elkins told him that the Company did not have work available at that time, but his employment was not terminated.

Mr. Elkins never made negative comments about individuals who experienced heart attacks, nor did he make offensive or derogatory comments pertaining to Mr. Calderon's race, color, or ethnicity. To the contrary, in response to Mr. Calderon's own inquiry to Mr. Elkins about how he could improve himself and expand his opportunities, Mr. Elkins responded that learning English is often beneficial in obtaining opportunities. Defendant denies that any supervisor or other agent of Bayside Interiors ever subjected Mr. Calderon to any kind of discrimination or harassment.

Furthermore, Defendant never failed to pay owed overtime, nor did Defendant ever employ Mr. Calderon without paying him for his hours worked. Defendant keeps careful time records and makes diligent efforts to ensure that all work is properly compensated.

The Company has offered to reinstate Mr. Calderon on two occasions, once in December 2006 and again in June 2007. Mr. Calderon, through his attorneys, declined both offers of reinstatement.

A statement of the principal factual issues in dispute.

   (a) Whether defendant terminated Mr. Calderon.

   (b) Whether defendant granted Mr. Calderon a leave of absence to which he was entitled under FMLA/CFRA.

   (c) Whether Mr. Calderon received one or more valid unconditional offers of reinstatement, whether he declined them, and if so, whether he had a valid reason for declining them.

   (d) Whether and the extent to which Mr. Calderon was denied overtime compensation, and/or was denied pay at all for hours worked.

   (e) Whether Mr. Calderon suffered severe or pervasive harassment.

   (f) The extent of Mr. Calderon's damages, and the extent to which he mitigated his damages.

   2. **LEGAL ISSUES.** A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

   (a) Whether defendant's conduct constituted unlawful interference with plaintiff's FMLA rights in violation of 29 U.S.C. § 2615(a)(1).

   (b) Whether defendant's conduct constituted unlawful discrimination in violation of the FMLA, 29 U.S.C. § 2615(a)(2).

   (c) Whether defendant's conduct constituted an unlawful failure to provide leave in violation of the CFRA, Cal. Gov't Code § 12945.2(a).

   (d) Whether defendant's conduct constituted unlawful discharge, discrimination, and/or retaliation in violation of the CFRA, Cal. Gov't Code § 12945.2(*l*).

   (e) Whether defendant's conduct constituted unlawful discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112, *et seq.*

   (f) Whether defendant's conduct constituted unlawful interference with plaintiff's rights under the ADA, in violation of 42 U.S.C. § 12203(b).

(g) Whether defendant's conduct constituted disability discrimination in violation of the Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940(a).

(h) Whether defendant's conduct constituted an unlawful failure to engage in a timely, good faith, interactive process to determine effective reasonable accommodations, in violation of the FEHA, Cal. Gov't Code § 12940.

(i) Whether defendant's conduct constituted unlawful national origin discrimination and harassment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

(j) Whether defendant's conduct constituted unlawful national origin and ancestry discrimination and harassment in violation of the FEHA, Cal. Gov't Code § 12940(j).

(k) Whether defendant's conduct constituted an unlawful failure to take all reasonable steps to prevent discrimination and harassment from occurring, in violation of the FEHA, Cal. Gov't Code § 12940(k).

(l) Whether defendant's conduct constituted an unlawful failure to pay minimum wage and/or overtime compensation in violation of the California Labor Code §§ 1194, 510, 2 Cal. Code Regs. § 11160 and Wage Order 16-2001.

(m) Whether agents of Bayside Interiors made any promises or representations to Plaintiff and, if so, whether Plaintiff relied on those promises or representations to his detriment.

(n) Whether defendant's conduct constituted unlawful wrongful termination in violation of public policy.

(o) Whether defendant's conduct constituted unlawful intentional infliction of emotional distress.

4. **MOTIONS.** <u>All prior and pending motions, their current status, and any anticipated motions.</u> No motions have been filed to date. The parties may file discovery motions. Defendant anticipates filing a motion for summary judgment, and plaintiff may file a motion for partial summary judgment.

5. **AMENDMENT OF PLEADINGS.** <u>The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.</u> At this time the parties do not expect to add or dismiss parties, claims or defenses.

6. **EVIDENCE PRESERVATION.** <u>Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded materials.</u> Plaintiff does not have a document-destruction program, nor does he conduct any ongoing erasures of e-mails, voice mails, and other electronically-recorded materials. Defendant has preserved Mr. Calderon's personnel file and has not deleted or destroyed any related documents. Defendant uses no document-destruction program of any kind.

7. **DISCLOSURES.** <u>Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.</u> In compliance with Federal Rule of Civil Procedure 26, initial disclosures will be completed on or before August 29, 2007, pursuant to the Order Setting Initial Case Management Conference.

8. **DISCOVERY.** <u>Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).</u>

At this time, plaintiff anticipates taking 5 depositions. Plaintiff also anticipates that he may need to serve more than 25 interrogatories although he will not serve more than 25 on defendant during the first round of discovery. Defendant anticipates deposing plaintiff and serving him with interrogatories and a request for production of documents. After taking Plaintiff's deposition, Defendant will be in a position to determine how many additional depositions will be necessary. In addition, Defendant will request the court's permission to extend Plaintiff's deposition beyond 7 hours.

The parties also anticipate serving document requests, interrogatories, and requests for admissions, although an exact number to be served cannot be determined at this time.

Plaintiff anticipates that a Fed. R. Civ. P. 26(c) protective order may be necessary to protect plaintiff's medical privacy.

9. **CLASS ACTIONS.** If a class action, a proposal for how and when the class will be certified. This is not a class action.

10. **RELATED CASES.** Any related cases or proceedings pending before another judge of this court, or before another court or administrative body. The parties are not aware of any related cases or proceedings pending before another judge or court or any other court or administrative body.

11. **RELIEF.** All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established. Plaintiff seeks back pay; front pay; compensatory, punitive, and liquidated damages; reinstatement; declaratory and injunctive relief; and reasonable attorneys' fees and costs. Plaintiff will provide the documents supporting his damages calculation with his initial disclosures.

12. **SETTLEMENT AND ADR.** Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution. The parties have reached a partial settlement agreement resolving plaintiff's reporting time pay claim and the related claim for a waiting time penalty pursuant to Section 203 of the California Labor Code to the mutual satisfaction of the parties. The parties have filed a Stipulation and Proposed Order Selecting an ADR process: Early settlement conference with a Magistrate Judge.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.** Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. The parties do not consent to have a magistrate judge conduct all further proceedings.

14. **OTHER REFERENCES.** <u>Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.</u> This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **NARROWING OF ISSUES.** <u>Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.</u> The parties can stipulate to the following issues:

   a) Mr. Calderon was eligible for FMLA/CFRA leave.

   b) Mr. Calderon provided reasonable notice to defendant of his need for FMLA/CFRA leave.

   c) Defendant failed to provide Mr. Calderon with written notice of his rights and obligations under the FMLA/CFRA.

   d) Defendant hired other temporary employees to fill in for Mr. Calderon during his leave.

   e) When plaintiff sought to return to work on October 13, 2006, defendant told plaintiff no work was available at that time.

16. **EXPEDITED SCHEDULE.** <u>Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.</u> The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. **SCHEDULING.** <u>Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.</u> Plaintiff's counsel are scheduled to take and defend more than 100 depositions between September and December 2007, and are scheduled to conduct several trials from February 4, 2008 until February 22, 2008 and from June 2, 2008 until June 13, 2008. Therefore, plaintiff proposes the following deadlines and court dates:

   a) Plaintiff's experts' disclosures, on or before October 1, 2008;

   b) Defendant's experts' disclosures, on or before October 1, 2008;

   c) Close of factual discovery, on or before November 1, 2008;

   d) Close of expert discovery, on or before December 15, 2008;

   e) Last day to file dispositive motions, on or before January 31, 2009;

1       f) Pretrial conference, on or before ___;

2       g) Trial, on or before March 31, 2009.

3    Defendant does not believe that this case should remain on the court's docket for the next 18 months. Defendant believes that the case should be set for trial in late summer or early fall of 2008.

   18. **TRIAL.** <u>Whether the case will be tried to a jury or to the court and the expected length of the trial.</u> This case will be tried to a jury. The parties anticipate that the trial will last 10 court days.

   19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.** <u>Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.</u> Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. No such interest is known other than that of the named parties to the action.

   20. <u>Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.</u> The parties are not aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: August 29, 2007           By: _/s/ Sharon Terman_
                                                       Sharon Terman
                                                       Attorney for Plaintiff Cesar Calderón

Dated: August 29, 2007           By: _/s/ Molly Agarwal_
                                                       Molly Agarwal
                                                       Attorney for Defendant Bayside Interiors, Inc.

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated: _____

_____
THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE